HORATIO HILL & another *vs.* ALANSON M. CLARKE.

If commission merchants, having in their hands a balance in favor of partners who have
consigned goods to them for sale, refuse to pay the whole or any part of the amount to
either partner without the consent of the other, and afterwards of their own motion trans-
fer the balance upon their books to the credit of one of the partners, without his knowl-
edge, this will not authorize the other partner to maintain an action against his associate
to whom this transfer was made, to recover one half of the amount; nor can such action
be sustained by proof that subsequently to its commencement the defendant received of
the commission merchants the whole amount so transferred to him; nor is the defendant
estopped to set up this defence simply by proof that, several months before the actual
transfer of the balance to the credit of the defendant, the commission merchants informed
him that they had written to the plaintiff in such a manner that he would think they had
placed the balance to the defendant's credit, and that they shortly afterwards wrote to
the plaintiff that, as the account had been kept with the defendant, they could not make
a payment to the plaintiff without the defendant's consent.

CONTRACT for money had and received. The writ was dated
June 28, 1860.

At the trial in the superior court, before *Russell,* J., it appeared
that the parties were formerly partners, the plaintiffs and the de-
fendant having an equal interest, in certain purchases and sales
of wool, the sales being made by Hilton & Gore, commission
merchants, of Boston, who, as the result of the transactions, had
in December 1859 a balance in their hands of $2412.23 in favor
of the parties. The account stood upon their books in the
name of Hills & Clarke, and the plaintiffs and the defendant
were duly notified of the above balance, as due to them jointly.
In sending the account to the plaintiffs, Hilton & Gore wrote
on December 7th 1859, " Mr. Clarke requests us to place the
balance $2412.23 to his credit, as he is soon to visit you and
settle." They also kept a separate account with the defendant
in his own name. Soon after the above balance was ascer-
tained, the plaintiffs drew on Hilton & Gore for one half of it,

but the draft was not accepted. At about the same time, the defendant requested that the whole amount should be transferred to his account; but this was refused. On the 10th of December, and after the above refusal, the defendant wrote to Hilton & Gore as follows : " If you decide I cannot close that account in my own way, without running after Hill, it will not be closed at present. . . . . . . I supposed, as I had the whole matter to look after here, I had both the right and authority to close the account. If I have not, let it stand as it does; but I trust you will not accept any draft from Hill for any part of the account." To this letter Hilton & Gore replied, on the 12th of December 1859, as follows : " The account was kept as joint between Clarke and Hills, and when we sent them account current we wrote them that you requested the balance placed to your credit, and we wrote them so they will think we have done so, but we have not had time to hear if they object. At any rate, we shall not pay any of their drafts without your consent, and if we have a right to place the balance to your credit without their consent we shall do so." The only passage in the letter of Hilton & Gore to the plaintiffs, referred to, touching this matter was the one copied above. On the 20th of January 1860 they wrote to the plaintiffs again as follows : " He [Clarke] was here ten days ago, and had all the papers to show that the account was between you and him, and the settlement was so made, and we cannot pay your draft without his consent. He mentioned as having wrote you to meet him at some place, so you and he could make a settlement; but, as the account has been with him, we cannot make payments without his consent. It would please us to pay you, if he will authorize us to ; and we trust you and he will soon have an interview, so as to have a pleasant settlement."

On the 27th of June 1860 Hilton & Gore's book-keeper transferred the whole of this balance to the defendant's credit, without his knowledge, and so closed the account upon the books with Hills & Clarke; and he testified that the transfer was made to close the books, and was a matter of book-keeping. The defendant testified that he never requested payment of Hilton &

Gore after December, when they refused, and did not know of the transfer to him until July 7th 1860, when he got the money. There was no evidence to contradict this testimony; and, on the whole case, the judge ruled that the action was prematurely commenced, and could not be maintained. The plaintiffs accordingly became nonsuit, and alleged exceptions.

*T. K. Lothrop & R. R. Bishop,* for the plaintiffs.

*H. C. Hutchins,* for the defendant.

CHAPMAN, J. We think the ruling of the judge that the action was prematurely commenced was correct. The transfer made by the book-keeper without the defendant's knowledge could not bind him.

But it appears further that Hilton & Gore afterwards paid the amount thus transferred to the defendant; and the plaintiffs contend that his receipt of the amount was a ratification of the transfer, and takes away the objection which is urged against the action. It is true that it was a ratification of the transfer; but the consequence contended for does not follow. The cause of action did not accrue till the ratification was actually made. Until that time, the defendant had done no act which would make him liable to a suit. What had been done by others did not bind him. This action thus appears to have been pending for several days while the plaintiffs had no cause of action ; and the objection that it was prematurely brought must prevail.

But the plaintiffs further contend that the defendant is estopped by the letters that passed between the parties to deny that the balance was paid by Hilton & Gore to him. The first of these letters is from Hilton & Gore to the plaintiffs, dated December 7, 1859, sending them an account of sales of goods consigned by the plaintiffs and the defendant, and thereby treating both parties as consignors. It informs them, among other things, that the defendant requests them to place the balance to his credit, because he is soon to visit the plaintiffs and settle. They also wrote to the defendant, refusing to place it to his account without the consent of the plaintiffs. On the 10th of December the defendant wrote to Hilton & Gore expressing dissatisfaction, but advising them to let the account stand as it

was. On the 12th they replied, saying they had so written to the plaintiffs that they would think it did stand to his credit, but promising at any rate not to pay the drafts of the plaintiffs without the consent of the defendant. On the 20th of January they wrote to the plaintiffs again, saying that they could not pay their draft without the defendant's consent. But there was not in any of these letters any agreement that the account should be transferred to the credit of the defendant, or any affirmation that it had been thus transferred. There is, therefore, nothing to estop either party from averring the truth.

*Exceptions overruled.*